IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| CLIFTON STANLEY SALGE and<br>CLIFF AARON SALGE,<br><br>    Plaintiffs,<br><br>vs.<br><br>ROBERT E. BUCHANAN, deceased<br>and WILLIAM GENSKY as the<br>administrator of the estate<br>of Robert E. Buchanan,<br><br>    Defendants,<br><br>WILLIAM GENSKY as the<br>administrator of the estate<br>of Robert E. Buchanan and<br>Nancy Buchanan, WENDY COOPER,<br>and ROBYNE GENSKY,<br><br>    Third-Party Plaintiffs,<br><br>vs.<br><br>COOPER TIRE & RUBBER CO.,<br><br>    Third-Party Defendant. | §§§§§§§§§§§§§§§§§§§§§§§§§§§§§§ | C.A. NO. C-07-212 |

## ORDER OF REMAND

On this day the Court *sua sponte* considered its subject matter jurisdiction over the above-styled action. For the reasons stated below, the Court finds that subject matter jurisdiction is lacking and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 of Nueces County, Texas, where it was originally filed and assigned Cause Number 07-60502-2.

**I.   BACKGROUND**

On March 1, 2007, Plaintiff Clifton Stanley Salge and his son, Plaintiff Cliff Aaron Salge (together, "Plaintiffs" or "Salges"), filed suit against the Estate of Robert Buchanan ("Defendant") in the County Court at Law Number No. 2 of Nueces County, Texas. (See Pl.'s Orig. Pet. ("POP") at 1.)[1]  In their Petition, Plaintiffs alleged that on July 5, 2006, Plaintiff Clifton Salge was driving a 2000 Ford F350 pickup northbound on FM 2678 six miles south of Refugio, Texas. (POP at ¶ 5.1.)  Plaintiff Cliff Aaron Salge was a passenger in the vehicle. (POP at ¶ 5.1.)  Plaintiffs alleged that, as they were driving, they suddenly and unexpectedly lost control of their vehicle and swerved into the southbound lane of traffic, where Robert Buchanan ("Mr. Buchanan") was operating his 1997 Toyota Corolla. (POP at ¶ 5.1.)  Plaintiffs claimed that, due "to the faulty evasive actions taken by Mr. Buchanan, the two vehicles collided." (POP at ¶ 5.1.)  Accordingly, Plaintiffs asserted a negligence claim against Mr. Buchanan's estate, alleging that Mr. Buchanan failed to exercise ordinary care in several ways, including: (1) failing to timely apply the breaks, (2) failing to maintain a proper lookout, (3) failing to maintain proper control of the vehicle, (4) failing to turn the vehicle to avoid the collision, and (5) failing to yield the right of way. (See POP at ¶ 6.2.)  Plaintiffs also claimed that Mr. Buchanan's actions were

---

[1] Plaintiffs' Original Petition is attached to the Notice of Removal (D.E. 1) as Exhibit B.

a proximate cause of the accident and the Plaintiffs' resulting injuries.  (POP at ¶ 6.3.)

On April 2, 2007, Defendant filed an Answer to Plaintiffs' Original Petition, denying Plaintiffs' allegations and asserting certain defenses to liability.  (Orig. Answer at ¶¶ 1.1-4.1.)  That same day, William Gensky (the administrator of the Estate of Robert and Nancy Buchanan), Wendy Cooper, and Robyne Gensky (collectively, "Third-Party Plaintiffs") filed a Third-Party Petition asserting wrongful death and survival claims against Cooper Tire & Rubber Company ("Cooper Tire").  (Orig. 3d Pty. Pet. ("3PP") at 1.)[2]  In their Petition, the Third-Party Plaintiffs alleged that Robert and Nancy Buchanan were traveling southbound on FM 2678 near Refugio.  (3PP at ¶ 4.1.)  Third-Party Plaintiffs alleged that, as they were driving, a Ford F350 driven by Plaintiff Clifton Stanley Salge experienced a "detread" on its front-left tire, causing the vehicle to travel into the southbound lane and strike the vehicle driven by Robert and Nancy Buchanan, killing them.  (3PP at ¶ 4.1.)  Third-Party Plaintiffs alleged that the tire on the F350 was designed, manufactured, and sold by Cooper Tire, and was defectively designed and unreasonably dangerous.  (3PP at ¶¶ 5.1-5.3.)  Third-Party Plaintiffs therefore asserted products liability and negligence claims against Cooper Tire.  (3PP at ¶¶ 5.1-6.2.)

Third-Party Defendant Cooper Tire was served with a copy of

---

[2] The Original Third-Party Petition is attached to the Notice of Removal as Exhibit C.

-3-

the Third-Party Complaint on April 9, 2007.  (Not. of Rem. ("NOR") at ¶ 5.)  On May 7, 2007, Cooper Tire removed the action from state court, alleging that this Court had diversity jurisdiction over the case pursuant to 28 U.S.C. § 1332(a).  (NOR at ¶ 8.)  Specifically, Cooper Tire alleges that it is a citizen of Ohio for diversity purposes, while Plaintiffs, Defendant, and Third-Party Plaintiffs are all citizens of Texas.  (NOR at ¶ 8.)  Although Cooper Tire concedes that Plaintiffs have asserted a negligence claim against a non-diverse Defendant (the Estate of Robert Buchanan), Cooper Tire contends that the Court should "realign" the parties because, according to Cooper Tire, the "core" issue in the case will be the alleged-defectiveness of the tire.  (NOR at ¶ 9.)  After "proper realignment" of the parties, Cooper Tire alleges that complete diversity of citizenship will exist.  (NOR at ¶ 8.)

**II. DISCUSSION**

A federal court's "first inquiry" must be whether it has subject matter jurisdiction. Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 576 (5th Cir. 2004) (en banc).  Thus, "courts are duty-bound to examine the basis of subject matter jurisdiction *sua sponte*." Union Planters Bank Nat. Ass'n v. Salih, 369 F.3d 457, 460 (5th Cir. 2004).  A court "must presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." Howery v. Allstate Ins. Co., 243 F.3d 912, 916 (5th Cir. 2001)

(citations omitted).  Where a case has been removed from state court, "[a]ny ambiguities are construed against removal because the removal statute should be strictly construed in favor of remand." Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002); see also Acuna v. Brown & Root, Inc., 200 F.3d 335, 339 (5th Cir. 2000) ("[D]oubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction")).

A defendant may remove an action from state court to federal court only if the action is one over which the federal court possesses subject-matter jurisdiction.  See 28 U.S.C. § 1441(a). Where, as here, the alleged basis for federal jurisdiction is diversity under 28 U.S.C. § 1332, the removing defendant has the burden of demonstrating that there is: (1) complete diversity of citizenship; and (2) an amount-in-controversy greater than $75,000. See 28 U.S.C. § 1332(a).  It is well-established that the diversity statute requires "complete diversity" of citizenship.  A district court generally "cannot exercise diversity jurisdiction if one of the plaintiffs shares the same state citizenship as any one of the defendants."  Corfield v. Dallas Glen Hills LP, 355 F.3d 853, 857 (5th Cir. 2003) (citations omitted).

### A.   Removal by Third-Party Defendants

This case was removed by Cooper Tire, a Third-Party Defendant in the action.  The first question, therefore, is whether a third-

party defendant may properly remove an action to federal court.[3] The removal statute, 28 U.S.C. § 1441, specifies which parties to a lawsuit are entitled to use the removal mechanism:

> Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending.

28 U.S.C. § 1441(a) (emphasis supplied).  Numerous courts have addressed the issue of whether a third-party defendant is a "defendant" within the meaning of the statute and therefore entitled to initiate removal.  The overwhelming majority of courts addressing this question have concluded that third-party defendants are *not defendants* entitled to remove under § 1441(a).  See, e.g., First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 461 (6th Cir. 2002) ("Having carefully considered the issue, we conclude that neither § 1441(a) nor § 1441(c) provides third-party defendants with the right to remove a case to federal court"); Sanford v. Premier Millwork & Lumber Co., Inc., 234 F.Supp.2d 569, 571 (E.D. Va. 2002) ("the majority rule, and . . . the better view, is that

---

[3] The Court may consider this issue *sua sponte*. See, e.g. First Nat. Bank of Pulaski v. Curry, 301 F.3d 456, 461 (6th Cir. 2002) (considering *sua sponte* the issue of whether a third-party defendant can remove under § 1441(a)); FirstBank Puerto Rico v. Gittens, 466 F.Supp.2d 614, 620 (D. V.I. 2006) (same); Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A., 139 F.Supp.2d 1117, 1119 (D. Minn. 2001) (smae); Starr v. Prairie Harbor Development Co., Inc., 900 F.Supp. 230, 231 (E.D. Wis. 1995) (same).

third-party defendants are not the true defendants in the first instance and are not, therefore, entitled to remove under § 1441(a)"); BJB Co. v. Comp Air Leroi, 148 F.Supp.2d 751, 752 (N.D. Tex. 2001) (stating that "district courts throughout the country have, in relative unison, determined that third-party defendants are not defendants within the meaning of § 1441(a)") (collecting cases); Loyola Medical Practice Plan v. Tromiczak, 10 F.Supp.2d 943, 944 (N.D. Ill. 1998) ("it has long been settled that third-party defendants such as General American cannot remove actions on their own"); see also NCO Financial Systems, Inc. v. Yari, 422 F.Supp.2d 1237, 1240 (D. Colo. 2006); Johnston v. St. Paul Fire and Marine Ins. Co., 134 F.Supp.2d 879, 880 (E.D. Mich. 2001); Wormley v. Southern Pacific Transp. Co., 863 F.Supp. 382, 386 (E.D. Tex. 1994); Schmidt v. Association of Apartment Owners of Marco Polo Condominium, 780 F.Supp. 699, 702 (D. Hawaii 1991); Wright, Miller & Cooper, 14C Federal Practice & Procedure § 3731 (third-party defendants brought into the state action by the original defendant cannot exercise the right of removal).

Courts and commentators have reached the conclusion that third-party defendants are not allowed to initiate removal for several reasons. First, various courts have reasoned that third-party defendants should not be allowed to remove because:

> Allowing removal by a third-party defendant brings into a federal court a suit between the original parties which has no independent basis for federal jurisdiction. This is an unwarranted extension of the federal judicial power. Thus, permitting third party removal allows a

>   party unconnected with the original action to force the
>   plaintiff into the federal forum despite any possible
>   efforts to plead out of federal court.

BJB Co., 148 F.Supp.2d at 753 (citing Lowe's of Montgomery, Inc. v. Smith, 432 F.Supp. 1008, 1012 (M.D. Ala. 1977)). Second, courts reason that the Supreme Court has interpreted the word "defendant" in § 1441(a) narrowly, to exclude related parties such as counter-defendants, and has admonished that the removal statute is to be construed narrowly due to federalism concerns. Curry, 301 F.3d at 462 (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941)). The Fifth Circuit has echoed this sentiment, and has repeatedly cautioned that the removal statute should be strictly construed against removal and all ambiguities should be resolved in favor of remand. See, e.g., Manguno, 276 F.3d at 723; Acuna, 200 F.3d at 339. Therefore, construing the removal statute to exclude third-party defendants heeds the Supreme Court's admonition and limits the breadth and scope of the removal statute. This Court finds the above reasoning persuasive and adopts the view of the vast majority of courts that a third-party defendant is not entitled to exercise the right of removal.[4] Accordingly, Cooper

---

[4] Although not relied upon by Cooper Tire, the Fifth Circuit case of Central of Georgia Ry. Co. v. Riegel Textile Corp., 426 F.2d 935 (5th Cir. 1970) does not require a contrary result. In Riegel, the Fifth Circuit confronted a situation where the third-party complaint was severed from the original action in state court. In that limited circumstance, where the third-party complaint was severed from the original action, the Fifth Circuit held that the third-party defendant could properly remove the third-party action to federal court. Riegel is not controlling in this case, however, because there has been no severance, and

Tire had no authority to remove this case.

### B. Diversity Jurisdiction and Realignment of Parties

Even assuming that Cooper Tire, as a Third-Party Defendant, had statutory authority to remove this case, the removal would still be improper because the Court lacks diversity jurisdiction over this action. As mentioned above, the required complete diversity of citizenship only exists if each and every plaintiff is diverse from each and every defendant. See Corfield, 355 F.3d at 857. There is no complete diversity in the present action because, as Cooper Tire concedes, Plaintiffs Clifton Stanley Salge and Cliff Aaron Salge (citizens of Texas) share the same citizenship as Defendant and Third-Party Plaintiffs. (NOR at ¶ 8.) Nevertheless, Cooper Tire contends that the Court should "realign" the parties so that the Plaintiffs (the Salges), Defendant (the Estate of Robert Buchanan), and Third-Party Plaintiffs (Buchanans' Estate, Cooper, and Gensky) are all be realigned as plaintiffs against Cooper Tire. (NOR at ¶ 11.) In particular, Cooper Tire argues:

> This case is about a tire. It is a products liability action at its core. The primary and dominant issue will be whether or not the tire failed as a result of a defect. Both the Salges and the Buchanan claimants will argue that Mr. Salge would not have veered into oncoming traffic but for the alleged tread separation and detachment. While the Salges have chosen not to plead any cause of action against Cooper Tire for their injuries at this time, but instead sued Robert Buchanan for faulty evasive action, this is secondary to the

---

Cooper Tire is attempting to remove the entire case (including the otherwise non-removable original action between Plaintiffs and the Defendant Estate of Robert Buchanan) to this Court.

principal purpose of the lawsuit-tire products liability. (NOR at ¶ 9.)  Cooper Tire urges that once the parties are realigned as described above, complete diversity will exist.

The Court finds Cooper Tire's argument unpersuasive. "As a general rule, diversity of citizenship is determined at the commencement of a lawsuit." Zurn Indus., Inc. v. Acton Const. Co., Inc., 847 F.2d 234, 236 (5th Cir. 1988).  One exception to this general rule, however, is the device of "realignment of parties."[5] Id. (citing City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63, 69 (1941)).  In determining whether to realign the parties, "the court is not bound by the way plaintiff formally aligns the parties in his original pleading.  [Rather,] it is the court's duty to look beyond the pleadings, and arrange the parties according to their sides in the dispute." Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc., 723 F.2d 1173, 1177-78 (5th Cir. 1984).  "The generally accepted test of proper

---

[5] Courts have seriously questioned whether the procedural mechanism of "realignment" can be used to support removal at all. See Washington v. Ernster, 1:06-CV-623, 2007 WL 307028 at *4 (E.D. Tex. Jan. 29, 2007) (slip copy); Roblez v. Ramos, 3:01-CV-366, 2001 WL 896942 at *2 (N.D. Tex. Aug. 1, 2001) (unpublished). Notably, the major Supreme Court and Fifth Circuit cases addressing realignment involve the question of whether suits *originally filed* in federal court (rather than removed) could proceed under diversity jurisdiction. See City of Indianapolis v. Chase Nat. Bank of City of New York, 314 U.S. 63 (1941); Zurn Industries, Inc. v. Acton Const. Co., Inc., 847 F.2d 234 (5th Cir. 1988); Lowe v. Ingalls Shipbuilding, A Div. of Litton Systems, Inc., 723 F.2d 1173 (5th Cir. 1984).  The Court need not address this question, however, as even if Cooper Tire is allowed to urge realignment, realignment is inappropriate in this case.

alignment is whether the parties with the same ultimate interests in the outcome of the action are on the same side." Id. at 1178. "This test is meant to ensure that there is an actual, substantial controversy between citizens of different states . . . ." Id. The Court must examine the "principal purpose of the suit" and "primary and controlling matter in dispute" in order to determine whether there is the requisite "collision of interest" between parties on opposite sides of the case. See Zurn Industries, 847 F.2d at 236.

Applying this test, the Court concludes that realignment is not proper in this case. This is not a case where the non-diverse parties have essentially the same interests. Rather the Plaintiffs (Texas citizens) have sued the Estate of Robert Buchanan (Texas citizen) for negligence, seeking money damages for physical pain, mental anguish, impairment, disfigurement, medical expenses, lost wages, and loss of earning capacity. (POP at ¶ 7.1.) Given this posture, the interests of Plaintiffs and the Defendant are adversarial, not aligned or cooperative, because Plaintiffs must prove that the negligence of Mr. Buchanan proximately caused their injuries. If Plaintiffs fail to prove that the negligence of Mr. Buchanan proximately caused their injuries, they will not recover their damages because Plaintiffs have not asserted a cause of action against Cooper Tire or any other person. It is therefore absurd to label, as Cooper Tire does, Plaintiffs' claim against the Defendant a "nominal claim." (NOR at ¶ 12.) Indeed, the claim is quite substantial in that Plaintiffs right to recover hinges on its

success.  Therefore, there is a sufficient "collision of interests" between Plaintiffs and the Defendant Estate of Robert Buchanan such that there is an actual, substantial controversy between them. Plaintiff and Defendant are not "on the same side" of this dispute and thus realignment is not proper.  Without realignment, there is no complete diversity of citizenship and the Court lacks subject matter jurisdiction over this matter.

### C. Removal Based on § 1441(c) and Carl Heck Engineers

Alternatively, Cooper Tire argues that "third-party defendants have the right to remove based on diversity jurisdiction because the third-party proceeding is treated as separate and independent" and therefore removable under 28 U.S.C. § 1441(c)  (NOR at ¶ 16.) In other words, Cooper Tire argues that the Court would have diversity jurisdiction over the third-party action if brought separately from the Plaintiffs' action against the Defendant, and therefore should exercise jurisdiction over the entire case.  In support of this argument, Cooper Tire cites the Fifth Circuit case of Carl Heck Eng'rs, Inc. v. Lafourche Parish Police Jury, 622 F.2d 133, 135 (5th Cir. 1980).  In the Carl Heck case, the Fifth Circuit interpreted § 1441(c), which *at the time* provided as follows:

> Whenever a separate and independent claim or cause of action, which would be removable if sued upon alone, is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters not otherwise within its original jurisdiction.

Carl Heck, 622 F.2d at 135 (quoting the then-current version of 28 U.S.C. § 1441(c)). Interpreting this language, the Fifth Circuit held that a third-party defendant could remove a case based on diversity where the third-party complaint involved a controversy separate and independent from the original action. Id.

Following the decision in Carl Heck, however, Congress amended § 1441(c). The current version of the statute now reads:

> Whenever a separate and independent claim or cause of action *within the jurisdiction conferred by section 1331 of this title* is joined with one or more otherwise non-removable claims or causes of action, the entire case may be removed and the district court may determine all issues therein, or, in its discretion, may remand all matters in which State law predominates.

28 U.S.C. § 1441(c) (emphasis supplied). Accordingly, "[u]nder the current version of § 1441(c), a separate and independent claim can justify removal only if that claim is within the jurisdiction conferred by . . . § 1331, *i.e.*, federal question jurisdiction." Auto Transportes Gacela S.A. De C.V. v. Border Freight Distributing & Warehouse, Inc., 792 F.Supp. 1471, 1472 (S.D. Tex. 1992); see also Borough of West Mifflin v. Lancaster, 45 F.3d 780, 785 (3d Cir. 1995) (stating that "[a] fair reading of the Congressional intent in enacting the amendment to § 1441(c) is that it was designed to restrict removal [under that subsection] to only those cases falling within the court's federal question jurisdiction").

Given the amendment to § 1441(c), Cooper Tire cannot rely on Carl Heck to justify its removal of this case. Cooper Tire's

-13-

removal is based on diversity jurisdiction, and the current version of § 1441(c) clearly allows removal only when the third-party complaint is based on federal question jurisdiction.  Indeed, numerous courts have recognized that the holding of Carl Heck has been limited by the subsequent amendment to § 1441(c), such that a party may no longer rely on § 1441(c) or Carl Heck to remove a "separate and independent" claim based on diversity.  See, e.g., Auto Transportes, 792 F.Supp. at 1472 ("the amendment removes the underpinnings of the [Carl Heck] decision"); Cross Country Bank v. McGraw, 321 F.Supp.2d 816, 817 (S.D.W.Va. 2004) (stating that Carl Heck "has been the subject of nearly universal criticism from other federal courts" and "has been superceded by the 1990 amendment to § 1441(c)"); BJB Co., 148 F.Supp.2d at 754 ("The revised version of § 1441(c) effectively eliminated claims based upon diversity from those removable under § 1441(c)"); Nat'l Am. Ins. Co. v. Advantage Contract Srvs., Inc., 200 F.Supp.2d 620, 621-22 (E.D. La. 2002) ("following the 1990 amendment, the diversity case may no longer invoke removal under Section 1441(c); only the federal question claim will support a Section 1441(c) removal"); see also Brookover Financial Services, Inc. v. Beckley, 56 F.Supp.2d 782, 786 (W.D. Ky. 1999); Gracia v. Irvine, No. 4:91-442, 1992 WL 150093 at *1-2 (N.D. Tex. June 10, 1992) (unpublished); Moss Land & Mineral Corp. v. Fidelity & Cas. Co. of New York, No. 03-845, 2003 WL 21360803 at *3 (N.D. Ala. June 6, 2003) (unpublished); Alvarez v. Apollo Ship Chandlers, Inc., No. 02-21045, 2002 WL 31933666 at *2 n.8 (S.D.

Fla. May 28, 2002) (unpublished). Therefore, Cooper Tire's alternative ground for removal is not valid, and the case must be remanded for lack of subject matter jurisdiction.

### III. CONCLUSION

For the reasons discussed above, the Court finds that subject matter jurisdiction is lacking and the above-styled action is hereby REMANDED pursuant to 28 U.S.C. § 1447(c) to the County Court at Law No. 2 in Nueces County, Texas, where it was originally filed and assigned Cause Number 07-60502-2.

SIGNED and ENTERED this 24th day of May, 2007.

_____
Janis Graham Jack
United States District Judge